**Jerry LOPEZ, Petitioner–Appellant,**

v.

**Frankie Sue DEL PAPA; E.K. McDaniel, Respondents–Appellees.**

**No. 06–17282.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 18, 2008.

Filed Aug. 6, 2008.

Richard F. Cornell, Reno, NV, Michael A. Cox, Portland, OR, for Petitioner–Appellant.

---

4. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Robert F. Bony, David K. Neidert, Office of the Nevada Attorney General, Reno, NV, John M. Warwick, IV, Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before: HUG, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Petitioner Jerry Lopez appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm the district court's denial of the petition.

The district court denied Lopez's amended petition in its entirety and issued a certificate of appealability on the second ground for relief, concerning whether Lopez's trial should have been severed from that of his co-defendant, Kevin Lisle. The severance issue is the only one before this court on appeal.[1]

1. "An application for a writ of habeas corpus ... shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ..." 28 U.S.C. § 2254(d). "Stated simply, a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor,* 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). We review a district court's decision to deny a petition for a writ of habeas corpus *de novo. Drayden v. White,* 232 F.3d 704, 708 (9th Cir.2000).

1. Under clearly established Supreme Court law, the decision to try defendants jointly is generally left to the discretion of the trial court. *Zafiro v. United States,* 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). The Supreme Court has "repeatedly ... approved of joint trials," because they "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* at 537, 113 S.Ct. 933 (internal quotation omitted); *see also Buchanan v. Kentucky,* 483 U.S. 402, 418, 107 S.Ct. 2906, 97 L.Ed.2d 336 (1987). At the same time, a refusal to sever can "rise to the level of a constitutional violation," but only if it "results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *United States v. Lane,* 474 U.S. 438, 446 n. 8, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). "[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro,* 506 U.S. at 540, 113 S.Ct. 933.

3. Against this legal background, Lopez's argument boils down to two claims: first, that the trial court's decision to try Lopez and co-defendant Lisle jointly prevented him from introducing relevant exculpatory evidence; and second, that the introduction of substantial evidence admissible against Lisle—most notably several

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Lopez has not briefed any of the other grounds asserted in his amended petition for a writ of habeas corpus. *See* 9th Cir. R. 22–1(e) (allowing issues properly labeled and briefed as "uncertified issues" to be treated as a motion to expand the certificate of appealability).

out-of-court confessions by Lisle—undermined the jury's ability to accurately assess the guilt of each individual defendant, prejudicing Lopez.[2]

■ (i) With regard to his first argument, Lopez maintains that the joint trial prevented him from introducing evidence that Lisle was the shooter in both the Lusch murder and an unrelated murder which occurred shortly thereafter, and that Lisle had a character for spontaneously engaging in acts of violence. Exclusion of exculpatory evidence does not rise to the level of a constitutional violation unless it "infringed upon a weighty interest of the accused" or "significantly undermined fundamental elements of the defendant's defense." *United States v. Scheffer*, 523 U.S. 303, 308, 315, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). Here, the excluded testimony was not central to the defense.

The jury heard testimony from several witnesses that three people drove out to the desert on the night in question: Lopez, Lisle, and the victim, Justin Lusch. The jury also heard testimony relaying Lopez's confession to an acquaintance, John Melcher. Lopez told Melcher that, after driving out to the desert with Lusch and a third person, Lopez watched in the rear-view mirror as this third person shot Lusch. Although the trial court did not permit Melcher to testify that Lopez specifically identified Lisle as the "other guy," the implication was clear. More importantly, Melcher's testimony—even in redacted form—established the central element of Lopez's defense, that Lopez himself was *not* the shooter. Excluding the portion of Lopez's out-of-court confession to Melcher specifically identifying Lisle as the shooter did not undermine any "funda-

mental element" of Lopez's defense. *See id.* at 315, 118 S.Ct. 1261.

The evidence specifically identifying Lisle as the shooter in the unrelated murder of Kip Logan two months after the Lusch murder was similarly peripheral to Lopez's defense. The trial court's refusal to allow the identification of Lisle as Logan's murderer did not implicate Lopez in that murder. Further, the trial court permitted Lopez to present evidence that he was not in Las Vegas when Logan was killed.

Nor was identifying Lisle as the shooter in the Logan murder relevant to establish Lisle's *modus operandi*. Engaging in "acts of extreme violence" without forewarning falls well short of establishing a defendant's identity or *modus operandi*. *See, e.g., United States v. Perkins*, 937 F.2d 1397, 1400–01 (9th Cir.1991) (finding characteristics "similar to numerous other crimes" insufficient to establish *modus operandi*).

■ (ii) With regard to his second argument, Lopez contends that the admission of evidence against Lisle, most notably Lisle's multiple out-of-court confessions, deprived him of a fair trial. We do not agree.

The trial court issued an appropriate limiting instruction each time a witness testified to a statement made by Lisle outside Lopez's presence. In addition, the trial court reinforced the limiting instructions with Jury Instruction 22, which reminded jurors that "[a]ny evidence admitted solely against one defendant may be considered only as against that defendant and may not, in any respect, enter into your deliberations on any other defendant." Under clearly established Supreme Court law, such limiting instructions were

---

**2.** Lopez also argues that the trial court's denial of his motion to sever led the jury to convict him on insufficient evidence. The State correctly notes that this claim was ini-

tially raised as a separate ground for relief in Lopez's second amended petition for a writ of habeas corpus (Ground 1), and therefore falls outside the certificate of appealability.

sufficient to preserve the fundamental fairness of Lopez's joint trial. *See Richardson v. Marsh,* 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (noting "the almost invariable assumption of the law that jurors follow their instructions"). Moreover, none of Lisle's confessions inculpated Lopez, rendering their admission at a joint trial not unduly prejudicial. *See Gray v. Maryland,* 523 U.S. 185, 192–94, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998); *Richardson,* 481 U.S. at 211, 107 S.Ct. 1702.

In sum, although "a particular case of misjoinder may be so egregious as to constitute a deprivation of due process," *United States v. Lane,* 474 U.S. at 461 n. 3, 106 S.Ct. 725 (Brennan, J., concurring in part and dissenting in part), Lopez has not shown that the trial court's denial of his severance motion in this case constituted an "unreasonable application" of clearly established Supreme Court law. The district court's denial of the petition for a writ of habeas corpus is therefore AFFIRMED.